Filed 5/8/26  P. v. Mills CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>ADRIAN MILLS,<br><br>        Defendant and Appellant. | A171485<br><br>(Contra Costa County<br>Super. Ct. No. 05009211210) |

After a 1992 bench trial, the trial court found Adrian Mills guilty of, as relevant to this appeal, (1) the second degree murder of Robert Jiles, with an enhancement for having caused death by firing a gun from a vehicle with intent to cause great bodily injury or death (Pen. Code[1], §§ 187, 12022.55) and (2) the attempted murder of Walter McDuffie, with an enhancement for use of a firearm (§§ 187, 664, 12022.5, subd. (a)).  The court (hereinafter "sentencing court") sentenced Mills to 20 years to life for the murder and section 12022.55 enhancement and seven years for the attempted murder.

Mills appealed.  This court agreed there had been sentencing error and remanded with directions to replace the section 12022.55 enhancement—which was improper because it requires harm to a person *other than* an occupant of a vehicle, and Jiles undisputedly was in a vehicle when Mills shot

---

[1]  All undesignated statutory citations are to the Penal Code.

him—with a lesser-included firearm enhancement (§ 12022.5, subd. (a)), for which the sentencing court thereafter imposed the four-year midterm.[2]

In 2022, Mills filed a petition for resentencing under section 1172.6, subdivision (d). After holding an evidentiary hearing, the trial court (hereinafter "resentencing court") denied the petition. In this appeal, Mills claims the resentencing court erred in finding that the prosecution proved beyond a reasonable doubt he was guilty of murder on two alternative bases that are valid under current law: second degree express malice murder as Jiles's actual killer, and felony murder as a major participant in the killing who acted with reckless indifference to human life. Mills does not challenge the denial of relief as to his attempted murder conviction. We affirm.

## PROCEDURAL BACKGROUND[3]

*Prima Facie Showing*

The People opposed Mills's petition for resentencing, contending he was ineligible for relief because he had been convicted of murder as the actual killer.

The resentencing court disagreed, pointing out the sentencing court had not, in its memorandum of decision, made an express finding that Mills was the actual killer, and it was not impossible that the sentencing court had

---

[2] We judicially notice our prior opinion (*People v. Mills* (Aug. 24, 1993, A058891) [nonpub. opn.]), solely for the purpose of identifying the legal issues it resolved (and not for the truth of any of its factual recitals). (Evid. Code, §§ 452, subd. (d), 459.)

[3] Because the parties are familiar with the facts, we recite—in the discussion section below—only those facts necessary to our analysis. In that regard, we deny as irrelevant Mills's request for judicial notice of the definition of a term mentioned in this court's opinion in Mills's 1993 appeal.

found him guilty on a natural and probable consequences theory.[4]  The resentencing court thus found a prima facie showing of entitlement to relief and ordered an evidentiary hearing.

*Decision After Evidentiary Hearing*

At the evidentiary hearing, the resentencing court considered live testimony from four prosecution witnesses; the parts of the transcript of and exhibits from Mills's preliminary hearing that were not inadmissible hearsay; the parts of the transcripts of Mills's parole hearings in which he discussed his crimes (Evid. Code, § 1220); a recording and transcript of a 1992 witness interview; and defense expert testimony by an attorney about parole hearings.  We discuss the evidence in more detail, *post* at pages 7–9.

The resentencing court subsequently issued an order denying Mills's petition.  It found the evidence established beyond a reasonable doubt that Mills "was the shooter" (i.e., fired the single shot that undisputedly killed Jiles) and acted with malice aforethought (i.e., "intended to murder Mr. Jiles"); and that, in the alternative, if someone else fired the fatal shot, the evidence "still supports a finding that [Mills] is guilty of murder under a theory of felony murder" as a major participant who acted with reckless

---

[4]  At oral argument, Mills's counsel made statements to the effect that the sentencing court had found the evidence insufficient to prove beyond reasonable doubt that Mills fired the shot that killed Jiles.  That is not accurate.  While the sentencing court did not expressly find that Mills killed Jiles, it also did *not* state or imply that the evidence was insufficient to prove that Mills did so.  The sentencing court may have implicitly found that Mills did kill Jiles, yet felt no need, given the nature of the trial and state of homicide law in 1992, to specify that he found Mills guilty as an actual killer rather than on a different theory.  Or the court, may, as Mills infers, have found the evidence insufficient to prove him the actual killer.  We will never know.  Nor, on this review of the *resentencing* court's ruling, does it matter. (See p. 7, *post*.)

3

indifference to human life (§ 189, subd. (e)(3)). As for attempted murder—which " 'requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing' " (*People v. Smith* (2005) 37 Cal.4th 733, 739)—the court found that the same evidence showing that Mills intended to kill Jiles "supports a finding that he intended to kill . . . McDuffie"; that McDuffie was in the same car as Jiles; and that "[b]y shooting at [them], Mills committed a direct, but ineffective[,] step towards killing . . . McDuffie."

## DISCUSSION

In 2018, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, [and] was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959, quoting Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 amended sections 188 (defining the "malice" required for murder) and 189 (defining first and second degree murder) to eliminate the natural and probable consequences doctrine and to significantly narrow the scope of the felony-murder rule. (*People v. Arellano* (2024) 16 Cal.5th 457, 467–468; *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).) Senate Bill No. 1437 also created a procedure (now codified at section 1172.6) for persons convicted of murder under prior law to seek retroactive relief if they "could not be convicted under the law as amended." (*Lewis,* at p. 959.)

Section 1172.6, as since amended, allows a person convicted of felony murder, of murder under a "theory under which malice is imputed to a person based solely on that person's participation in a crime," or of "attempted murder under the natural and probable consequences doctrine" to petition

their sentencing court to vacate their murder or attempted murder conviction if, as relevant here, the charging document allowed the prosecutor to proceed under a theory of imputed malice; the person was convicted after trial of murder or attempted murder; and they could not be convicted thereof under the current versions of sections 188 and 189.  (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2, subd. (a).)  If the record of conviction does not "establish conclusively" that a petitioner is ineligible for relief under section 1172.6, subdivision (c), the trial court "must hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder'" under current law.  (*Strong, supra*, 13 Cal.5th at pp. 709–710, quoting § 1172.6, subd. (d)(3).)

We review a denial of a section 1172.6 petition for substantial evidence.  (*People v. Reyes* (2023) 14 Cal.5th 981, 988.)  This means we review the record "'"'in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'"'"  (*Ibid.*)  In support of the judgment, we presume "every fact that the trier of fact could reasonably deduce from the evidence."  (*People v. Medina* (2009) 46 Cal.4th 913, 919, superseded by statute on other grounds as stated in *People v. Hin* (2025) 17 Cal.5th 401, 441.)

Mills makes two arguments on appeal.[5]  He first asserts "the order denying his petition shows that the court did not uniformly apply the

---

[5]  At oral argument, Mills's counsel advanced an additional argument—that the resentencing court violated Mills's due process rights by admitting and relying on evidence from his preliminary hearing.  While Mills objected to the preliminary hearing evidence in the trial court, which he noted in the

5

standard of proof required by section 1172.6, subdivision (d)(3), i.e., proof beyond a reasonable doubt." (Italics omitted.) Although Mills quotes a snippet from the order that could be read, out of context, to support his claim with regard to the felony murder rationale (on which we do not rely), the order as a whole repeatedly articulates and frames its analysis in terms of the beyond-a-reasonable-doubt standard of proof, leaving no doubt the court applied that standard.[6]

Mills secondly argues the evidence at the resentencing hearing was not sufficient to support the court's finding that he is guilty, beyond a reasonable

---

factual and procedural recitation in his opening brief on appeal, he did not advance this argument in either his opening or closing brief. (See *County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861 [rules of appellate procedure "require an appellate brief to support each point by argument and, if possible, by citation to authority and to provide a citation to the record for a factual assertion. [Citations.] '[W]e may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation]. We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory [citation].' [Citations.] Further, we may treat a point that is not supported by cogent legal argument as forfeited."].) We also do not consider arguments, such as Mills's belated due process claim, raised for the first time at oral argument. (See *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1554, fn. 9.)

[6] In setting forth the parties' contentions, the court explained that the prosecution argued it had "proven beyond a reasonable doubt that [Mills] is guilty of both murder and attempted murder" under "the current state of the law," while the defense argued "that the prosecution did not prove that Mills committed this crime beyond a reasonable doubt." The court then found, as to Mills's liability for express-malice murder as the actual killer, that "[a]ll the direct and circumstantial evidence points to a finding that Mills was the shooter beyond a reasonable doubt," that "it is clear that Mills intended to murder Mr. Jiles," and that "[t]he evidence shows that Mills shot [him] with malice aforethought beyond a reasonable doubt." In its disposition, the court concluded "the prosecution has proven beyond a reasonable doubt that Mills committed one . . . murder and one . . . attempted murder."

doubt, of the second degree, express-malice murder of Jiles as his actual killer—i.e., that Mills, acting with intent to kill, fired the shot that caused Jiles's death. (See CALCRIM No. 520 [second degree murder requires commission of act causing death and malice aforethought, which can include express malice, meaning "unlawful[] inten[t] to kill"]; § 188 [defining malice].)

Mills likens his case to *People v. Nino* (2025) 111 Cal.App.5th 844. There, as the Attorney General emphasizes, the Second District reviewed an order denying a section 1172.6 petition *not* after an evidentiary hearing, as here, but at the prima facie stage. (*Nino,* at p. 849.) The Second District reversed, holding section 1172.6 can afford relief even to an actual killer (which Nino undisputedly was) if he was convicted of second degree felony murder for having killed while committing a felony that is inherently dangerous to human life, like grossly negligent discharge of a firearm, yet is not among the felonies listed in section 189, subdivision (a), that can support a charge of *first* degree felony murder. (*Nino,* at pp. 856–858.)

Mills maintains nothing in the sentencing court's memorandum of decision excludes the possibility that that court found him guilty of second degree felony murder on such a theory, on the hypothesis he shot at Jiles's car with only an intent to frighten him.

This argument about the *sentencing* court's rationale is irrelevant, as the Attorney General notes, because the resentencing court here ordered an evidentiary hearing. It thus no longer matters whether the sentencing court found Mills guilty of murder on a still-valid or a no-longer-valid theory of malice. If substantial evidence supports the *resentencing* court's finding the People proved beyond a reasonable doubt that Mills fired the bullet that killed Jiles, and he did so with intent to kill, Mills is not entitled to resentencing. (§ 1172.6, subd. (d)(3).)

7

Mills maintains the prosecution's evidence was insufficient as to two elements of second degree express malice murder. The first is whether Mills committed an act that proximately caused Jiles's death, i.e., whether he was the actual killer. On that issue, the People offered testimony showing that, although the members of Mills's gang who began the attack on foot also fired at Jiles's car, Jiles was able to drive away from them out of the KFC drive through lane, across two lanes of traffic, and over a raised median, before turning south onto Railroad Avenue and continuing to drive, whereupon Mills gave chase in the car in which he had been waiting on the median. Only after *Mills* repeatedly fired from short range at Jiles's car did it veer off to the curb and did McDuffie leap out, crying. The car's rear window was shattered, and Jiles died from a bullet wound in the back of his head. At Mills's preliminary hearing, his fellow gang member Ronnie McDowell testified that, in a way consistent with the above theory, Mills had told him on the night of the murder that he knew he had been the one who shot Jiles because it was after he fired at the car that it stopped moving. The foregoing is sufficient, credible evidence to support a finding beyond a reasonable doubt that Mills fired the shot that killed Jiles.

Mills's main contention is that the resentencing court could not so find because the People did not offer ballistics evidence that the bullet that killed Jiles came from Mills's gun. But Mills cites no authority suggesting ballistics evidence is the *only* way in which to prove beyond reasonable doubt the identity of a shooter. The lack of such evidence does not change the fact the evidence that was presented enabled the court to make its finding beyond a reasonable doubt. (See *People v. Story* (2009) 45 Cal.4th 1282, 1299 [rejecting analysis that "focus[ed] on evidence that did not exist rather than on the evidence that did"].)

8

The other disputed element of express-malice second degree murder is whether, when Mills shot Jiles, he intended to kill. The resentencing court found beyond a reasonable doubt that he did because he fired a gun at Jiles at close range—a witness testified at the preliminary hearing that, when Mills fired, there was "[m]aybe ten feet between [the cars'] bumpers"—after having "specifically sought [Jiles] out." While denying he intended to *kill* Jiles, Mills admits he had sought out Jiles and McDuffie with intent to *harm* them based on their having recently assaulted him. That accords with the sentencing court's finding that "the evidence is beyond refutation, that [Mills] and his cohorts, had decided to . . . beat up, pummel, injure and punish the two victims as a result of some earlier misdeeds." Mills's admission of his animus toward and desire to harm Jiles and McDuffie, coupled with his admitted act of repeatedly firing a gun at them from close range, constitute substantial evidence sufficient to support the court's finding, beyond a reasonable doubt, that Mills shot with intent to kill.

Indeed, Mills has effectively conceded as much, for he has not challenged the resentencing court's finding that he was guilty of attempted murder of McDuffie. Nor in his postconviction appeal did he challenge—or successfully challenge, in any event—his attempted murder conviction.[7] That crime has always required intent to kill. (*People v. Collie* (1981) 30 Cal.3d 43, 62, superseded by statute on other ground as stated in *People v. Champion* (1995) 9 Cal.4th 879, 912–913, fn. 9; *People v. Coley* (2022) 77 Cal.App.5th 539, 547.) The sentencing and resentencing courts thus both found beyond

---

[7] This court's opinion on Mills's direct appeal addresses only the impropriety of the section 12022.55 enhancement, without indicating that Mills had challenged his convictions of murder and attempted murder. (*People v. Mills*, *supra*, A058891.) But even if he did challenge the attempted murder conviction, he did not do so successfully.

reasonable doubt that, when Mills fired at the car in which McDuffie and Jiles sat, he intended to kill McDuffie. Mills does not explain how that unchallenged finding can coexist with a reasonable doubt as to whether he intended to kill Jiles. (See *Coley*, at pp. 542, 547 [where killer shot at two men walking together, killing one, conviction for attempted murder of survivor necessarily showed jury found he acted with intent to kill both men, barring section 1172.6 relief from murder conviction as to decedent].)

## DISPOSITION

The order denying Mills's petition for resentencing is affirmed.

                                            _____

                                            Banke, J.

We concur:

_____

Humes, P. J.


_____

Smiley, J.

A171485, People v. Mills

11